UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMOR J. DEMBY,** | Civil Action No. 25-1852 (MCA) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| **VICTORIA L. KUHN,** | |
| Respondent. | |

*Pro se* Petitioner, Jamor J. Demby, a prisoner at Essex County Correctional Facility, has filed a habeas petition, which he has amended several times. *See* ECF Nos. 1, 4, 6. In his Amended Petition, Demby contends that he was unlawfully charged with violations of parole after maxing out his underlying sentence. (*See* ECF No. 6.) This type of challenge must be brought pursuant to 28 U.S.C. § 2254 after exhausting state court remedies. *See Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). In addition, Petitioner did not use the habeas form supplied by the Clerk for section 2254 motions. *See* L. Civ. R. 81.2.

At this time, the Court administratively terminates this case and directs the Clerk of the Court to send Petitioner the proper forms. If Petitioner wishes to reopen this action, he shall complete and sign the form supplied by the Clerk's Office within 30 days of the date of this Order. Petitioner must fill out the forms completely and must state whether he has exhausted his state court remedies with respect to his claim(s).

**IT IS, THEREFORE**, on this 6th day of August 2025,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the motion; Petitioner is informed that administrative termination is not a

"dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank section 2254 form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

**ORDERED** that the Clerk's service of the blank section 2254 form shall not be construed as this Court's finding that Petitioner's claims are timely or exhausted; and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form and state whether Petitioner has exhausted his claims for relief; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case and a complete, signed petition, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

<u>/s Madeline Cox Arleo</u>
Madeline Cox Arleo
United States District Judge